UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO.  8:06-CR-447-T-17EAJ

CARLOS DANIEL CONTENTO-
CLAVIJO.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 62 | Motion for Downward Departure |
| Dkt. 63 | Affidavit |
| Dkt. 64 | Affirmation |
| Dkt. 65 | Motion for Miscellaneous Relief |
| Dkt. 66 | Supplement |

On November 10, 2008, Defendant Carlos Daniel Contento-Clavijo was
sentenced to 188 months of imprisonment as to Count I, 60 months of supervised
release, and a special assessment of $100.  (Dkt. 47, 48).  At the time of sentencing,
the Court granted the Government's 5K1.1 motion (Dkt. S-6) and added an additional
level to that, bringing Defendant to a Level 36, Roman Numeral I, where the range was
188 to 235 months. (Dkt. 62-1, p. 31).

The Court has previously denied Defendant's Motions to Grant Defendant Full
Credit for Time Served without prejudice (Dkts. 53, 59).  There are pending Amendment
782 Motions, which will be considered in a separate Order (Dkts. 57, 60).

Defendant Carlos Daniel Contento-Clavigo, proceeding pro se, requests that the
Court grant a reduction of sentence without the necessity that the Government file a
Rule 35(b) motion.  Defendant Contento-Clavijo further requests that the Court vacate

Case No. 8:06-CR-447-T-17EAJ

Defendant's sentence or, in the alternative, grant Defendant the authority to obtain subpoenas and documents necessary to prove the facts Defendant has alleged, grant Defendant the right to conduct discovery, grant an evidentiary hearing, and permit Defendant a reasonable opportunity to supplement Defendant's Motion to include claims that become known as a result of an on-going investigation.   Defendant Contento-Clavijo  contends that Defendant is being penalized for preserving his suppression issue and any other rights of his that should and have been properly asserted.  Defendant Contento-Clavigo argues that Defendant is entitled to the benefit of his cooperation now, and an evidentiary hearing will show that Defendant did in fact provide substantial assistance.  Defendant Contento-Clavigo admits that the Government has made an evaluation, but Defendant disagrees with its conclusions.

Defendant Contento-Clavijo repeats Defendant's request for relief in the additional Motion for Miscellaneous Relief (Dkt. 65).

Defendant Contento-Clavijo entered into a Plea Agreement, which provides:

<u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, full and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG Sec. 5K1.1, or (2) the imposition of a

Case No. 8:06-CR-447-T-17EAJ

> sentence below a statutory minimum, if any, pursuant to 18 U.S.C. Sec. 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Dkt. 45, pp. 4-5).

The terms of the Plea Agreement explain that the decision to file a Rule 35 motion rests solely with the United States Attorney for the Middle District of Florida. Defendant Contento-Clavijo has not alleged or proven that the Government acted with an unconstitutional motive in not filing a Rule 35 motion. See Wade v. United States, 504 U.S. 181 (1992); United States v. Perez-Morales, 322 Fed. Appx. 713 (11th Cir. 2009)(unpublished). Neither a claim that a defendant merely provided substantial assistance nor additional but generalized allegations of an improper motive will entitle a defendant to a remedy, or even to discovery or evidentiary hearing. A defendant has a right to an evidentiary hearing only if a defendant makes a substantial threshold showing of improper motive. Wade v. United States, 504 U.S. 181, 184 (1992); United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009)(citing United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993).

After consideration, the Court denies Defendant Contento-Clavijo's Motion for Downward Departure and Motion for Miscellaneous Relief (Dkts. 62, 65). Accordingly, it is

Case No. 8:06-CR-447-T-17EAJ

**ORDERED** that Defendant's Motion for Downward Departure (Dkt. 62) and Motion for Miscellaneous Relief (Dkt. 65) are **denied** without prejudice for lack of jurisdiction.


**DONE and ORDERED** in Chambers in Tampa, Florida on this _3 A_ day of March, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4